UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA COBBS,

    Plaintiff,                          Civil Action No.
                                                    13-CV-12615

vs.

                                                    HON. MARK A. GOLDSMITH

PATRICK R. DONAHOE, et al.,

    Defendants.
_____/

**OPINION AND ORDER STRIKING THE COMPLAINT and CLOSING THE CASE**

      This matter is presently before the Court on the Court's own review of the complaint purportedly filed in this matter on June 14, 2013. For the reasons that follow, the Court strikes the complaint and dismisses the case.

      The present complaint is brought under the antidiscrimination provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The case arises out of Plaintiff's former employment with the United States Post Office in Brighton, Michigan in the mid-1990s. The narrative portion of the form complaint reads, in its entirety: "They failed to treat me right when they lock me in the post office and the police had to let me out. Also there was a hang man in the women bath room, had to learn on my own to work the mail."

      This is not Plaintiff's first attempt to file a lawsuit regarding her employment with the Post Office in Brighton some 20 years ago. In 1996, Plaintiff filed a lawsuit arising out of the same incident. On March 23, 1998, United States District Judge Paul V. Gadola dismissed the complaint for failure to state a claim on which relief can be granted. See Cobbs v. United States Postal Serv., No. 96-CV-40331 (E.D. Mich.).

      On May 15, 2000, Plaintiff filed another lawsuit alleging discrimination arising out of her mid-1990s employment at the Post Office in Brighton. On September 5, 2000, Judge

Gadola dismissed the complaint on claim and issue preclusion grounds.  See Cobbs v. United States Postal Serv., No. 00-40236 (E.D. Mich.).

On May 7, 2001, Plaintiff filed another lawsuit arising out of the same events as the 1996 and 2000 lawsuits.  Judge Gadola again dismissed the case on issue and claim preclusion grounds, concluding that the lawsuit was barred by the two prior lawsuits.  See Cobbs v. United States Postal Serv., No. 01-40126 (E.D. Mich.).  In addition, Judge Gadola fined Plaintiff in the amount of $200 for violating Federal Rule of Civil Procedure 11, writing:

> Here, Plaintiff has filed what appears to be the same civil action for the third time after having been dismissed by this Court twice and after appellate courts have affirmed those dismissals.  Hence, it appears that Plaintiff is presenting this civil action for the improper purpose of hectoring Defendants, and the repetitive filing of claims already dismissed by this Court is not warranted by existing law.  Therefore, this Court imposes a monetary sanction of $200.00 in the hope that so doing will impress upon Plaintiff that she should stop attempting to litigate the same issues and claims that have been repeatedly dismissed by this Court.

Order of June 13, 2001.

On July 17, 2001, Plaintiff filed another complaint arising out of the same events as the prior three lawsuits.  See Cobbs v. Katona, No. 01-40179 (E.D. Mich.).  Judge Gadola issued an order on July 24, 2001 striking the complaint, finding the document to be "unintelligible drivel."  By separate order dated August 17, 2001, Judge Gadola then dismissed the case on preclusion grounds "as the fourth attempt to file the same lawsuit."  Judge Gadola also noted that the monetary fine imposed in case number 01-40126 failed to deter Plaintiff from attempting to litigate issues and claims that had been repeatedly dismissed, and imposed a filing bar on Plaintiff:

> This Court now sanctions Plaintiff by prohibiting her from filing any civil action or other proceeding in district court arising from the same or similar facts involved in the underlying cases that already have been dismissed. . . . In particular, Plaintiff must not file any further civil action or other proceeding arising from her June 12, 1995 termination from employment at the U.S. Post Office in Brighton, Michigan.

2

Order of August 17, 2001.

Plaintiff abided the Judge Gadola's order for some 11 years, until she filed a fifth lawsuit in 2012 arising from the same events as the prior four lawsuits. See Cobbs v. Katona, No. 12-10028 (E.D. Mich.). On March 29, 2012, United States District Judge Sean F. Cox summarily dismissed the case pursuant to Judge Gadola's filing bar.

On June 14, 2013, Plaintiff filed another lawsuit – her sixth – based on the same events as all the previous lawsuits. The Court strikes the complaint pursuant to Judge Gadola's filing bar and directs the Clerk of Court to close the case. In addition, the Court reiterates what has been said too many times before: The law does not permit Plaintiff to file lawsuit after lawsuit regarding the same or similar events, and Plaintiff's attempts to do so are inappropriate, futile, and violative of this Court's numerous orders. The Court admonishes Plaintiff to stop filing lawsuits about her mid-1990s employment with the Post Office in Brighton and reserves the right to impose additional sanctions against Plaintiff should she continue her contemptuous conduct. Should Plaintiff file another federal lawsuit in any district court, she shall conspicuously certify at the top of her complaint that the lawsuit does not arise from her 1995 termination from employment at the U.S. Post Office in Brighton, Michigan. If the complaint does not contain this certification, the Clerk of Court shall reject the filing.

Plaintiff's application to proceed in forma pauperis and her motion for appointment of counsel are denied as moot.

SO ORDERED.


Dated: July 1, 2013                               s/Mark A. Goldsmith
       Flint, Michigan                            MARK A. GOLDSMITH
                                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
